UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
PEARL RODRIGUEZ, on behalf of herself and all : 
others similarly situated, :
            :
            Plaintiff, : **MEMORANDUM &**
            : **ORDER**
   -against- :
            : 3:24-CV-1993 (VDO)
TRUMBULL INSURANCE COMPANY, :
HARTFORD INSURANCE COMPANY OF THE :
SOUTHEAST, and JOHN DOES 1 through 21, :
            :
            Defendants. :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

This matter is before the Court on Plaintiff Pearl Rodriguez's motion for reconsideration of an order granting Defendants Trumbull Insurance Company ("Trumbull") and Hartford Insurance Company of the Southeast's motion to dismiss the claim for a declaratory judgment and to compel appraisal of the breach of contract claim.[1] The reconsideration motion is ripe as of December 8, 2025.[2] Familiarity with the facts and prior proceedings of this action is assumed, as they were set forth in the Court's November 10, 2025 Memorandum and Order.[3]

## I.    LEGAL STANDARD

In the District of Connecticut, a party may file a motion for reconsideration within seven days of the filing of a decision or order. D. Conn. L. Civ. R. 7(c)1. That motion must

---

[1] Mot., ECF No. 69

[2] Mem., ECF No. 70; Opp'n, ECF No. 71; Reply, ECF No. 72.

[3] *See Rodriguez v. Trumbull Ins. Co.*, No. 24-CV-1993 (VDO), 2025 WL 3140717 (D. Conn. Nov. 10, 2025).

"be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked." *Id.* Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," *United States v. Yudong Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (cleaned up), and the standard for granting a motion for reconsideration is strict, *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). The three primary grounds for reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Wachovia Mortg., FSB v. Toczek*, 841 F. App'x 267, 272 (2d Cir. 2021) (summary order) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

"Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (summary order). Therefore, "[a] motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Geomatrix Sys., LLC v. Eljen Corp.*, No. 20-CV-1900 (SVN), 2025 WL 777218, at *2 (D. Conn. Mar. 11, 2025) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

## II.    **<u>DISCUSSION</u>**

Plaintiff contends that the Court misapplied Illinois law to the facts of this case in compelling appraisal of the breach of contract claim. Specifically, Plaintiff argues that the decisions by Illinois's Fifth District Court of Appeals in the putative class actions *Travis v. Am. Mfrs. Mut. Ins. Co.*, 782 N.E.2d 322 (Ill. App. Ct. 2002) and *Hanke v. Am. Int'l S. Ins. Co.*, 782 N.E.2d 328 (Ill. App. Ct. 2002), preclude this Court from finding Plaintiff's breach

2

of contract claim—which alleges a systemic failure of her auto insurer to pay the required actual cash value for totaled vehicles—to be covered by the appraisal provision.

It is well established that, when a federal court sits in diversity, "the ruling of an intermediate appellate state court is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise. *Statharos v. New York City Taxi & Limousine Comm'n*, 198 F.3d 317, 321 (2d Cir. 1999) (cleaned up). As relevant here, "appraisal is an informal dispute-resolution process, most often used to determine the amount of the loss sustained under a property insurance policy." *St. John's United Church of Christ v. State Auto Prop. & Cas. Ins. Co.*, No. 25-CV-1022, 2026 WL 685396, at *4 (S.D. Ill. Mar. 11, 2026) (cleaned up). Because an appraisal is a contractual alternative dispute resolution mechanism, like an arbitration provision, it is enforceable by a court pursuant to the Federal Arbitration Act. *See Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 152 (2d Cir. 2019).

While Plaintiff properly acknowledges a federal court's deference to an intermediate appellate state court's decision on an issue of state law, Plaintiff overstates the applicability of *Travis* and *Hanke*. Upon due consideration, the Court finds that *Travis* and *Hanke* are distinguishable, as they stand for the proposition that a "dispute is not covered by the appraisal clause" when a plaintiff's complaint "presents much more than a disagreement between the parties concerning the actual cash value of plaintiff's vehicle"—specifically, when the complaint includes claims of fraud. *Travis*, 782 N.E.2d at 327; *see also Hanke*, 782 N.E.2d at 332 (same). Key to the holdings of *Travis* and *Hanke* was that the policyholder plaintiffs there not only brought a breach of contract claim, but also claims for statutory fraud and common law fraud. *Travis*, 782 N.E.2d at 323; *see also Hanke*, 782 N.E.2d at 332. In affirming a denial

3

of a motion to compel appraisal, the *Travis* court noted how the claims focused on two contentions: (1) whether the insurance company defrauded the policy holder, and (2) whether there was a breach of contract. *Travis*, 782 N.E.2d at 327 ("Here, plaintiff contends that defendant is engaged in a fraudulent scheme to undervalue insureds' vehicles that are declared a total loss, in order to increase its own profits. Plaintiff's claims focus upon whether defendant defrauded her and thereby breached the terms of the policy."). Similarly, the *Hanke* court found cases that "center upon an issue that could be resolved by determining an amount or value" of the insured vehicle were "clearly distinguishable because [Hanke's case] specifically involves fraud allegations." *Hanke*, 782 N.E.2d at 333.

Plaintiff makes much of the decision in *Kinkel v. Cingular Wireless, LLC*, 828 N.E.2d 812 (Ill. App. Ct. 2005), but that case is also distinguishable. Unlike here, Kinkel "filed a class action lawsuit against the defendant, alleging that the early-termination fee constitutes both a breach of the service agreement *and statutory fraud* under the Illinois Consumer Fraud and Deceptive Business Practices Act." *Id.* at 815 (emphasis added). That the *Kinkel* court explained "that the appraisal clause was a part of a fraudulent scheme" was not central to the holdings in *Travis* and *Hanke* does not bear on this Court's decision to compel appraisal. *Id.* at 816. The *Kinkel* court simply reaffirmed the principles found in *Travis* and *Hanke*, that appraisal was unwarranted where it is shown that "a resolution of the issues involved in the plaintiff's claims required far more than a determination of the actual cash value of the vehicles." *Id.*. These cases show that appraisers "should not be asked to settle questions that require legal expertise" and thus, certain legal questions are excluded from the appraisal process. *See Wysoczan v. Cambridge Mut. Fire Ins.*, No. 23-CV-905, 2023 WL 5530535, at

*4 (N.D. Ill. Aug. 28, 2023). But nothing from *Travis* or *Hanke* "suggests that appraisers are unable to settle purely factual questions about the cause of physical damage." *Id.*

Here, Plaintiff fails to show that her claims require "far more than a determination of the actual cash value" of the insured vehicle. As this Court previously found, the crux of Plaintiff's Complaint is the allegation that her loss was $437.60 higher than what Trumbull calculated because Trumbull thought the amount of loss was $2,095.78 and Plaintiff thought the amount of loss was $2,533.38.[4] After Plaintiff's vehicle sustained damage in an accident in June 2020, Plaintiff filed a claim with Trumbull.[5] Plaintiff's car was declared a total loss and, subsequently, Trumbull made a payment on Plaintiff's total loss claim.[6] Application of the Projected Sold Adjustments ("PSA") to the comparable vehicles used in Mitchell's Vehicle Valuation Report resulted in Plaintiff being paid approximately $437.60 less than the full actual cash value.[7] Plaintiff not only alleges that she was injured because she did not receive the full total loss benefits under a contract, but also that Trumbull's conduct in breaching Plaintiff's insurance contract by applying a "baseless" PSA reduced the value of Plaintiff's totaled automobile and thus constituted a breach of the implied covenant of good faith and fair dealing.[8] Unlike *Travis*, *Hanke*, and *Kinkel*, where those plaintiffs brought claims for statutory fraud and common law fraud, Plaintiff here only bring a claim for breach of contract. There is nothing remaining in Plaintiff's Complaint other than a breach of contract claim related to the

---

[4] *Rodriguez*, 2025 WL 3140717, at *5; *see also* ECF No. 57 ¶¶ 49, 50.

[5] ECF No. 57 ¶¶ 49, 50.

[6] *Id.*

[7] *Id.* ¶ 3.

[8] *Id.* ¶¶ 84, 85.

value of the insured vehicle. Considering that the public policy of Illinois favors the resolution of disputes through informal procedures like appraisal, *FTI Int'l, Inc. v. Cincinnati Ins. Co.*, 339 Ill. App. 3d 258, 260, 790 N.E.2d 908, 909–10 (2003), this Court predicts that the Illinois Supreme Court would compel appraisal here. Accordingly, the Court adheres to its ruling that appraisal must be compelled.

## III.    CONCLUSION

For the reasons stated above, the motion for reconsideration is **denied**. This litigation is stayed pending the completion of appraisal proceedings. The parties shall file a status report within **120 days** of this order.

**SO ORDERED.**

Hartford, Connecticut
May 20, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

6